NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4139
_____

JULIUS LOCKHART
A.J.L., by her parent,
                                    *Appellants*
v.

CITY OF EASTON; ERIC CAMPBELL;
KEVIN KRISCHE; LARRY PALMER,


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-12-cv-00133)

District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2014

Before:  MCKEE, *Chief Judge*, RENDELL, SLOVITER, *Circuit Judges*

(Opinion filed December 11, 2014)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SLOVITER, *Circuit Judge*.

This is a § 1983 case against several police officers and the City of Easton, Pennsylvania, following searches, executed pursuant to search warrants issued by a neutral and detached magistrate judge, of the property owned by Appellant Julius Lockhart ("Lockhart") while his minor daughter, Appellant A. Lockhart ("A.L."), was present at his home. Lockhart and A.L. (collectively "Appellants") filed suit in the Pennsylvania Court of Common Pleas alleging various causes of action pursuant to 42 U.S.C. § 1983 including excessive force, false arrest, deprivation of property without due process, and municipal liability. Appellants' complaint also contains several state constitutional and tort claims. Appellees Larry Palmer, Kevin Krische, Eric Campbell, and the City of Easton (collectively "Appellees") removed the case to federal court. The District Court granted summary judgment to Appellees. Appellants appealed. We will affirm.

In a thorough and well-reasoned Memorandum Opinion, the District Court explained why it was granting summary judgment on all of Appellants' claims. *See Lockhart v. City of Easton*, No. 12-0133, 2013 WL 5225234 (E.D. Pa. Sept. 17, 2013). The District Court reasoned that the warrant affidavits gave the magistrate judge a "substantial basis" for concluding that probable cause existed for the search warrants, and even if there was not a "substantial basis" for finding probable cause, Appellee Krische was entitled to qualified immunity because the affidavits were not "so obviously deficient." *See id.* at *6. The District Court determined that Lockhart's guilty plea to the

2

drug paraphernalia charge barred his § 1983 false-arrest claim under *Heck v. Humphrey*, 512 U.S. 477 (1994). The District Court concluded that the excessive-force claim failed because the decision to employ the Pennsylvania State Police's Special Emergency Response Team ("SERT") was objectively reasonable under the totality of the circumstances, particularly given Lockhart's known possession of multiple registered firearms, Lockhart's prior charges for carrying unlicensed firearms and for assault, and a known informant's observation of men bagging cocaine while carrying handguns on the premises just days before. The District Court reasoned that Appellants' due-process claims lacked factual support. And finally, the District Court concluded that the absence of an underlying constitutional violation precluded Appellants' municipal liability claims. The District Court declined to exercise supplemental jurisdiction over Appellants' remaining state-law claims.

We can add little to the District Court's analysis and discussion except to note that Appellants on appeal attempt to undermine the validity of the warrants by dissecting the affidavits and addressing the shortcomings of individual paragraphs of the affidavits. This approach must fail as courts must employ a "totality-of-the-circumstances analysis" in determining the existence of probable cause for a warrant. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Moreover, the role of a court reviewing a challenge to a warrant issued by neutral and detached magistrate "is simply to ensure that the magistrate had a substantial basis" for determining that the affiant had demonstrated probable cause. *Id.* at 238-39 (internal quotation marks and citation omitted). "[T]he conclusions of a neutral magistrate regarding probable cause are entitled to a great deal of deference by a

3

reviewing court, and the temptation to second-guess those conclusions should be avoided." *United States v. Ritter*, 416 F.3d 256, 264 (3d Cir. 2005). Like the District Court, we find no cause for disturbing the finding of probable cause by the neutral and detached magistrate.

We also agree with the District Court that Appellees' actions in executing the search warrants and arresting Lockhart were reasonable under the totality of the circumstances, and in the alternative, even if the actions were unreasonable, the individual Appellees are entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Finally, we find that the District Court properly denied Appellants' request for additional discovery because much of the evidence they seek was publicly available, and they have provided no reason why this discovery was not sought earlier or how it would be helpful to their claims.

Accordingly, we will affirm the District Court substantially for the reasons set forth in the District Court's Memorandum and Order without further elaboration.